

# The Attorney General of Texas

Attorney General

July 11, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carlos Valdez
Nueces County Attorney
Courthouse, Room 205
Corpus Christi, Texas    78401

Opinion No. JM-516

Re: Validity of a contract between Nueces County and an economic development corporation

Dear Mr. Valdez:

You have requested an opinion on the following question:

> Taking into consideration the fact that a county cannot be a dues-paying member of a chamber of commerce, does Nueces County have the authority to contract for business or industrial development services with a corporation that will in essence be an agency of a chamber of commerce?

A county's authority to enter into a contract is limited to authority conferred on it, either expressly or by reasonable implication, by the constitution or statutes. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). A county has authority to promote the development of businesses and industries in the county through a county industrial commission established under article 1581g-2, V.T.C.S., or through a board of development established under article 2352d, V.T.C.S. A county may contract for services that the county is authorized to perform itself. Attorney General Opinion JM-65 (1983). Therefore, under articles 1581g-2 and 2352d, a county has authority to contract for business or industrial development services.

You are concerned, however, about the relevance of a 1974 attorney general opinion that concluded that a county could not pay dues to a chamber of commerce. Attorney General Opinion H-397 (1974). In that opinion, this office held that article III, section 52, of the Texas Constitution prohibits a county from becoming a dues-paying member of a private corporation such as a chamber of commerce. Article III, section 52, provides, in part:

> Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or

> to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

That provision does not prevent counties from contracting with private corporations. Attorney General Opinion JM-65 (1983). Rather, it prohibits gifts to a private corporation. As a corollary, it requires that a county contract with a private corporation serve a public purpose and that the county receive adequate consideration. Attorney General Opinion MW-373 (1981). Also, such a contract must provide sufficient assurance that the public purposes will be accomplished. Id.; Attorney General Opinion H-912 (1976).

In Attorney General Opinion H-397 this office concluded that paying dues to a private corporation such as a chamber of commerce in order to secure "general benefits resulting from encouragement of private industry and business" was not "sufficiently insulated from the abuses" that article III, section 52, was designed to prevent. Implicit in that conclusion is a determination that paying dues to a chamber of commerce did not adequately assure that any public purpose would be accomplished and therefore that the dues would be, in essence, a gift to the private corporation.

A contract for specific services presents a different situation. For purposes of article III, section 52, the difference between paying dues to an organization that may provide general benefits to the county and contracting with an organization for specific services is analogous to the difference between donating county funds to a private hospital and contracting with a private hospital for specific services. In Attorney General Opinion JM-65 (1983) we held that although a county could not donate funds to a private hospital, it could contract with a private hospital for specific services. Similarly, we think that a county may contract with a private corporation for business and industrial development services. Of course, the county must receive adequate consideration, and the contract must provide adequate assurance that the public purpose will be accomplished. Whether a county receives adequate consideration and whether a contract provides adequate assurance that its public purpose will be accomplished are questions of fact that would depend on the nature of any particular contract.

## S U M M A R Y

A county has authority to promote the development of business and industry in the county under article 1581g-2, V.T.C.S., and article 2352d, V.T.C.S. A county may contract with a private corporation such as a chamber of commerce for the

provision of business and industrial development services if the county receives adequate consideration and if the contract provides adequate assurance that the public purpose will be accomplished.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General